**Rollan STANLEY, Appellant,**

v.

**Jimmy M. JONES, Appellee.**

**No. 91–2816.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1992.

Decided Aug. 28, 1992.

---

**2.** *See Anders v. California,* 386 U.S. 738, 744–45, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

Rochelle Kaskowitz, St. Louis, Mo., argued, for appellant.

John William Simon, Jefferson City, Mo., argued, for appellee.

Before FAGG and BEAM, Circuit Judges and BATTEY,[*] District Judge.

BEAM, Circuit Judge.

Mr. Stanley appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We affirm but for reasons different from those asserted by the district court.

## I. BACKGROUND

Stanley was convicted on July 29, 1986, in the Circuit Court of the City of St. Louis, of stealing credit cards, a Class C felony under Mo.Rev.Stat. § 570.030 (1986). On October 7, 1986, a jury convened in the Circuit Court of St. Louis County convicted Stanley of stealing without consent, also a Class C felony.

Stanley appealed his City conviction and it was affirmed. Stanley also appealed his County conviction and it was affirmed. He later filed motions for post-conviction relief for both of these convictions. The motions were denied and the denials were affirmed on appeal.

Stanley, on March 8, 1988, filed a petition in federal court, seeking a writ of habeas corpus under 28 U.S.C. § 2254, arising out of his City conviction. On April 14, 1988, Stanley filed another petition seeking habeas relief under section 2254 for his County conviction. On June 8, 1988, the first (City) petition was dismissed without prejudice for failure of Stanley to exhaust state remedies. On January 3, 1989, the second (County) petition was also dismissed without prejudice for failure to exhaust state remedies.

We are faced in this appeal with a third federal petition for habeas relief. This appeal is based upon the County conviction, but alleges grounds totally different from those raised in the previous petition. The district court dismissed the petition for abuse of the writ. Thus, we are presented with an appeal based upon dismissal of a petition for writ based, in turn, upon newly asserted federal claims arising from the County conviction. None of the federal claims have ever been considered on the merits. All of the claims, however, now stand dismissed with prejudice because, according to the district court, they represent an abuse of the writ. *See* 28 U.S.C. § 2254, Rule 9(b). We find that abuse of the writ was not at issue and affirm on other grounds.

## II. BACKGROUND

■ Stanley's present habeas petition sets forth eight "grounds" for relief. Several of his claims have been abandoned in this appeal. The items asserted, as indicated, are all new to the federal courts. None of them, as also indicated, were raised in the County writ. Except possibly for "ground" six, they were also not set forth in any form in any of the various Missouri proceedings. As a result, except for claim six which we will discuss in more detail, they are barred from federal habeas review absent a showing of cause for such

* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

failure to assert and actual prejudice resulting from the claimed constitutional violations. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Stanley made no particularized attempt in his petition to justify his failure to raise these claims. On appeal he states vague arguments about disagreements with his lawyers and says that "he filed various pleadings" seeking to dismiss his state court counsel. Appellant's brief at 19. Presumably, this is an attempt to allege ineffective assistance of counsel as cause for the procedural defaults. This is not enough. Stanley also claims that he was not represented in at least some of his post-conviction proceedings. There is, however, no constitutional right to post-conviction counsel. *Coleman v. Thompson*, — U.S. —, —, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991).

 "Ground" six in Stanley's district court petition alleges that the evidence was insufficient to support his conviction. We, charitably, review this as a contention that there was a lack of evidence for *"any rational trier of fact"* to convict as considered in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis original). While we believe that the allegation is insufficient for that purpose, we discuss it briefly because it is Stanley's principal contention on appeal and the closest he comes to a legitimate constitutional issue. A *Jackson v. Virginia* argument, if properly stated and preserved, alleges a "due process" violation. *Id.* Like Stanley's totally unasserted claims, it is subject to the requirement that it be presented in state court or be barred because "state appellate review undoubtedly will serve in the vast majority of cases to vindicate the due process protection ..." that is available to a state defendant. *Id.* at 322, 99 S.Ct. at 2790. In this case, Stanley made his general allegation of insufficiency of the evidence in a motion for new trial but did not further assert the contention on direct appeal. It is uncertain whether these evidentiary claims were mentioned in his state post-conviction efforts but he clearly did not assert them in his second petition for writ in the district

court. Under Missouri law, the direct appeal deficiency is enough to act as a procedural bar. When considered against his failure to establish any measure of cause or prejudice, as earlier discussed, his claim, even if sufficiently stated in the third request for writ, fails.

We also believe it is likely that Stanley's claim would fail had he properly stated and preserved the matter. His evidentiary contention deals with an interpretation of the elements of the crime for which he was convicted. The state court obviously interpreted the criminal statute contrary to his interests. The Seventh Circuit in *Bates v. McCaughtry*, 934 F.2d 99, 102 (7th Cir. 1991) points out that *Jackson* may not be used as a vehicle to seek a "second opinion" on an interpretation of state law. We agree.

## III. CONCLUSION

Stanley's claims are barred. The district court is affirmed.